## FINAL RELEASE AND SETTLEMENT AGREEMENT

### 1. Release.

For the consideration of the payments set forth in Section 2 herein, AGAPITA MONTES RIVERA and J. JESUS ZAMBRANO FERNANDEZ, husband and wife; TERESA DE JESUS MERAZ RUIZ, individually, and in her capacity as mother and natural guardian of Antonio Zambrano Montes' child, TdJZM; and, ERICA CECILIA ZAMBRANO MERAZ, individually, and RICHARD JOHNSON as the settlement guardian ad litem for TdJZM; and the ESTATE OF ANTONIO ZAMBRANO MONTES by and through its Personal Representative, Agapita Montes Rivera (hereinafter collectively the "Claimants") forever release THE CITY OF PASCO, and ALL CURRENT AND/OR FORMER POLICE OFFICERS OF THE CITY OF PASCO including, but not limited to, ROBERT METZGER, RYAN FLANAGAN, ADAM WRIGHT, and ADRIAN ALANIZ, and their spouses, attorneys, agents, employees, subsidiaries and assigns, and any and all other persons and entities for whose conduct they may be liable or for whom they may be contractually obligated to provide liability insurance coverage, including the Washington Cities Insurance Authority ("Parties Released"), from all claims and causes of action, including, but not limited to, claims for alleged violations of the U.S. Constitution, for alleged torts under Washington common law, and claims for attorneys' fees and costs, which may ever be asserted by the undersigned, their executors, administrators, successors, assigns, or others, whether such claims or causes of action are presently known or unknown, which arise out of the facts stated in the complaints filed in the lawsuit entitled *"Meraz et al. v. City of Pasco et al."* U.S. District Court for the Eastern District of Washington Cause No. 4:15-CV-5088-RMP, or which in any way involve the February 10, 2015 death of Antonio Zambrano Montes (the "Released Claims").

This release is intended to cover any and all future injuries, damages or losses not known to the parties to this agreement, but which may later develop, or be discovered in connection with the February 10, 2015 death of Antonio Zambrano Montes.

The undersigned acknowledges that they have accepted the above-referenced consideration as full compensation for any and all injuries, damages and losses (past, present and future, known or unknown), which were or ever could be claimed in connection with the February 10, 2015 death of Antonio Zambrano Montes.

The undersigned warrant that no promise or inducement has been offered except as herein set forth and that this release is executed without reliance upon any statement or representation by the Parties Released or their representatives concerning the nature and extent of the injuries, and/or damages, and/or legal liability therefore.

### 2. Payments

In consideration of the release set forth above, Washington Cities Insurance Authority ("Insurer") on behalf of the Parties Released agrees to pay a total of $750,000.00 (Seven Hundred Fifty Thousand Dollars and No/100), allocated as follows to the individuals named below:

a. Agapita Montes Rivera:            $100,000
b. J. Jesus Zambrano Fernandez:      $100,000
c. Teresa de Jesus Meraz Ruiz:       $ 50,000
d. Erica Cecilia Zambrano Meraz:     $250,000
e. TdJZM, minor:                     $250,000

There is no payment made with respect to plaintiffs' attorneys' claims for fees and costs.

**2.1    Payments to Erica Cecilia Zambrano Meraz and to TdJZM, a minor**

With respect to the payments to Plaintiffs Erica Cecilia Zambrano Meraz and TdJZM, a minor, ("Payees") set forth in Sections 2.d and 2.e above, those Plaintiffs will receive a portion of their settlement in the form of payments made by annuities. Those payments will be made as follows:

    **a.**    Payments at the time of settlement as follows:

**Cash at settlement: Erica Cecilia Zambrano Meraz**
($123,268.32—For Attorney's Fees and Costs)

**Cash at settlement: TdJZM**
($123,268.32—For Attorney's Fees and Costs)

    **b.**    The remainder of the monies for Erica Cecilia Zambrano Meraz and TdJZM, minor, will be used to fund structured settlement annuities that have a present value cost of $126,731.68. Periodic payments will be made according to the schedule as follows (the "Periodic Payments"):

**Periodic Payments Payable to: Erica Cecilia Zambrano Meraz**

**Guaranteed Lump Sums:**
$20,000.00 payable at age 19
$20,000.00 payable at age 23
$20,000.00 payable at age 25
$71,564.40 payable at age 30

### Periodic Payments Payable to TdJZM

### Education Fund:
Commencing at age 18 (02/15/2020);
$10,000.00 annually for (4) years certain
Last guaranteed payment on 02/15/2023

### Lump Sums:
$25,000.00 payable at age 21 (02/15/2023)
$30,000.00 payable at age 23 (02/15/2025)
$47,474.79 payable at age 25 (02/15/2027)

**2.1.1  Claimants' Right to Payments**

Claimants acknowledge that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Claimants; nor shall the Claimants have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

**2.1.2  Claimants' Beneficiary**

Any payments to be made after the death of any Payee pursuant to the terms of this Settlement Agreement shall be made to such person or entity as shall be designated in writing by Claimants to the Insurer or the Insurer's Assignee. If no person or entity is so designated by Claimants, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Insurer or the Insurer's Assignee. The designation must be in a form acceptable to the Insurer or the Insurer's Assignee before such payments are made.

**2.1.3  Consent to Qualified Assignment**

    **2.1.3(a)**  Claimants acknowledge and agree that the Defendant and/or the Insurer may make a "qualified assignment", within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or the Insurer's liability to make the Periodic Payments set forth in Section 2.1(b) to Pacific Life & Annuity Services, Inc., ("Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Defendant and/or the Insurer (whether by judgment or agreement)

immediately preceding the assignment of the Periodic Payments obligation.

**2.1.3(b)** Any such assignment, if made, shall be accepted by the Claimants without right of rejection and shall completely release and discharge the Defendant and the Insurer from the Periodic Payments obligation assigned to the Assignee. The Claimants recognize that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendant and the Insurer shall thereupon become final, irrevocable and absolute.

### 2.1.4 Right to Purchase an Annuity

The Defendant and/or the Insurer, itself or through its Assignee, reserve the right to fund the liability to make the Periodic Payments through the purchase of an annuity policy from Pacific Life Insurance Company. The Defendant, the Insurer or the Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Defendant, the Insurer or the Assignee may have Pacific Life Insurance Company mail payments directly to the Payee(s). Claimants shall be responsible for maintaining a current mailing address for Payee(s) with Pacific Life Insurance Company.

### 2.1.5 Discharge of Obligation

The obligation of the Defendant, the Insurer and/or Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check in the amount of such payment to the designated address of the Payee(s) named in Section 2.1 of this Settlement Agreement.

### 3. Court Approval Required

All obligations and agreements of the parties hereto are contingent upon approval by the U.S. District Court for the Eastern District of Washington, of the proposed settlement of the claims asserted on behalf of the minor, TdJZM, as set forth herein. If the Court does not approve the proposed settlement of the minor's claims, this Final Release and Settlement Agreement shall be null and void in its entirety.

### 4. Dismissal of Lawsuit

Upon Court approval of the minor's settlement, execution of this Final Release and Settlement Agreement, and tender of payments as set forth in Section 2, the parties will file a Stipulation and Order of Dismissal, with prejudice and without costs, of the lawsuit

entitled *"Meraz et al. v. City of Pasco et al."* U.S. District Court for the Eastern District of Washington Cause No. 4:15-CV-5088-RMP.

### 5. Indemnification for Subrogation and Lien Claims.

The undersigned acknowledge that all subrogation and lien claims arising out of contract or under state or federal law, including but not limited to, any subrogation or lien claims of Antonio Zambrano Montes' or the Claimants' health care providers, insurance carriers, the Department of Labor and Industries, the Department of Social and Health Services, and any federal agency or programs such as Medicare, Medicaid, Veterans Administration or federal workers compensation program, are the sole and separate obligation of the undersigned which the undersigned agree to pay or otherwise resolve.

The undersigned further hereby covenant to defend, indemnify and hold harmless the Parties Released from and against all such known lien and subrogation claims, including all costs and attorney's fees incurred in the defense of such claims. The Parties Released retain the right to monitor the defense of any such claim or action.

### 6. Warranty of Capacity to Execute Agreement.

The undersigned warrant that no other person or entity has or has had any interest in the claims or causes of action referred to in this Release and Settlement Agreement and that the undersigned have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified in it. The undersigned shall defend and indemnify the Parties Released should any other person claim to have an interest in the claims and injuries described in this Release and Settlement Agreement.

### 7. Governing Law.

This Release and Settlement Agreement shall be construed and interpreted according to the laws of the State of Washington.

### 8. Denial of Liability.

This Agreement expresses the full and complete settlement of all liability claims and claims for attorneys' fees and costs against the Parties Released which arise out of the facts stated in the complaints filed in the lawsuit entitled *"Meraz et al. v. City of Pasco et al."* U.S. District Court for the Eastern District of Washington Cause No. 4:15-CV-5088-RMP, or which in any way involve the February 10, 2015 death of Antonio Zambrano Montes. Liability for any claims relating to the February 10, 2015 death of Antonio Zambrano Montes is expressly denied by the Parties Released. Regardless of the adequacy of the above consideration, the acceptance of this release shall not operate as an admission of liability on the part of the Parties Released.

### 9. Entire Agreement.

This Agreement contains the entire agreement by the undersigned related to the Released Claims and there are no other understandings, either written or oral, which affect the terms hereof. This Agreement shall be binding on any actual or any possible heirs, executors, administrators, and assigns of the undersigned. This Agreement may not be modified

unless mutually agreed upon in writing between the Parties released and the undersigned.

**10. Attorneys Fees**

In the event of any action undertaken to enforce the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney fees and costs.

WE HAVE COMPLETELY READ THIS FINAL RELEASE AND SETTLEMENT AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY ACCEPT IT FOR THE PURPOSE OF FINAL RESOLUTION AND SETTLEMENT OF ANY AND ALL CLAIMS RELATING TO THE FEBRUARY 10, 2015 DEATH OF ANTONIO ZAMBRANO MONTES, DISPUTED OR OTHERWISE, FOR THE EXPRESS PURPOSE OF PRECLUDING FOREVER ANY OTHER CLAIMS ARISING OUT OF OR IN ANY WAY CONNECTED WITH THE INCIDENTS, INJURIES, OR DAMAGES ABOVE MENTIONED. WE RECOGNIZE THAT THE FUTURE COURSE OF PRESENT INJURY OR OTHER DAMAGES CANNOT BE PREDICTED WITH CERTAINTY. WE ASSUME THE RISK THAT THE CLAIMED INJURIES OR DAMAGES MAY WORSEN IN THE FUTURE AND THAT NEW INJURIES OR DAMAGES MAY DEVELOP. WE ACKNOWLEDGE THAT INFORMATION REGARDING CLAIMS MADE IS SUFFICIENT TO ENTER INTO THIS FINAL RELEASE AND SETTLEMENT AGREEMENT AND EXPRESSLY WAIVE ANY CLAIM THAT THIS RELEASE IS NOT FAIRLY AND KNOWINGLY MADE.

CLAIMANTS:

_____     Date: 30 Abril 2018
Agapita Montes Rivera, individually
and as Personal Representative
of the Estate of Antonio Zambrano Montes


_____     Date: 30 Abril 2018
J. Jesus Zambrano Fernandez, individually


_____     Date: _____
Teresa de Jesus Meraz Ruiz, individually,
and in her capacity as the mother and natural
guardian of TdJZM, a minor


_____     Date: _____
Erica Cecilia Zambrano Meraz, individually


Meraz et al. v. City of Pasco, et. al.
Release and Settlement Agreement
Page 6 of 9

GUARDIAN AD LITEM:
JOHNSON & JOHNSON LAW FIRM:

_____  Date:_____
Richard R. Johnson, WSBA #6481
Guardian ad Litem for TdJZM, a minor

STATE OF __Virginia_____ )
                              )  §
COUNTY OF __James City_____ )

On this day personally appeared before me AGAPITA MONTES RIVERA, to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, individually and as the personal representative of the Estate of Antonio Zambrano Montes, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this __30__ day of __April__, 2018.

*Toni Josette Wright* [Signature]
Toni Josette Wright
_____ [Print Notary's Name]
Notary Public in and for the State of __Virginia__
residing at __James City County Virginia__
My commission expires: __06/30/2020__

[Notary Seal: TONI JOSETTE WRIGHT, ELECTRONIC NOTARY PUBLIC, REG # 7535126, EXPIRES 6/30/2020, COMMONWEALTH OF VIRGINIA]

STATE OF __Virginia_____ )
                              )  §
COUNTY OF __James City_____ )

On this day personally appeared before me J. JESUS ZAMBRANO FERNANDEZ, to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this __30__ day of __April__, 2018.

*Toni Josette Wright* [Signature]
Toni Josette Wright
_____ [Print Notary's Name]
Notary Public in and for the State of __Virginia__
residing at __James City County Virginia__
My commission expires: __06/30/2020__

[Notary Seal: TONI JOSETTE WRIGHT, ELECTRONIC NOTARY PUBLIC, REG # 7535126, EXPIRES 6/30/2020, COMMONWEALTH OF VIRGINIA]

STATE OF _____ )
                               )  §
COUNTY OF _____ )

On this day personally appeared before me TERESA DE JESUS MERAZ RUIZ, to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, individually and as the mother and natural guardian of her minor child, TdJZM, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _____ day of _____, 2017.

_____ [Signature]

_____ [Print Notary's Name]
Notary Public in and for the State of _____
residing at _____
My commission expires: _____

Meraz et al. v. City of Pasco, et. al.
Release and Settlement Agreement
Page 7 of 9

## ATTORNEY ASSURANCE

The undersigned, attorneys for the Estate of Antonio Zambrano Montes, Agapita Montes Rivera, J. Jesus Zambrano Fernandez, Teresa de Jesus Meraz Ruiz, Erica Cecilia Zambrano Meraz and TdJZM, a minor; in connection with the matters and things set forth in the foregoing Final Release and Settlement Agreement, hereby:

1. Guarantees that the signatures to this Agreement are the signatures of the Claimants herein and the individuals named in this Agreement;

2. Agrees, as part of the consideration for the settlement and the inclusion of Claimants' attorney as a payee on the settlement draft, to pay out of the settlement proceeds only or otherwise resolve all known subrogation claims and liens in conjunction with the claimed injuries and damages;

3. Agrees to promptly execute a Stipulation and Order of Dismissal as required under Section 4 of this Agreement

DATED THIS 2ND DAY OF May, 2018

Attorneys for Plaintiffs Teresa De Jesus Meraz; Agapita Montes Rivera as Personal Representative of the Estate of Antonio Zambrano Montes; Erica Ceilia Zambrano Meraz; and, TdJZM, the minor daughter of Antonio Zambrano Montes.

THE TREJO LAW FIRM                        CARRAZCO LAW, APC

_____           _____
George Paul Trejo, Jr., WSBA #19758       Angel Carrazco, Jr., Pro Hac Vice
                                          Kent M. Henderson, Pro Hac Vice

Attorneys for Plaintiffs Agapita Montes Rivera as Personal Representative of the Estate of Antonio Zambrano Montes, and in her individual capacity, and J. Jesus Fernandez, individually:

HERRMANN LAW GROUP                        PARKS CRUMP

_____           _____
Charles Herrmann, WSBA #6173              Benjamin Crump, Pro Hac Vice

                                          BAEZ LAW FIRM

                                          _____
                                          Jose Baez, Pro Hac Vice

Meraz et al. v. City of Pasco, et. al.
Release and Settlement Agreement
Page 9 of 9